UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

# 98-7256   CIV-MOORE

MAGISTRATE
SANDSTRA

JANNERAL DENSON and JORDAN L. TAYLOR,
a minor, through his legal guardian,
JANNERAL DENSON,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
JOHN and JANE DOES, certain
unnamed United States Customs Agents,
individually and in their official capacities
as United States Customs Agents,
PUBLIC HEALTH TRUST OF DADE COUNTY, FLORIDA
d/b/a JACKSON MEMORIAL HOSPITAL, IRA CLARK,
individually and as President/
Director of JACKSON MEMORIAL HOSPITAL,
DRS. JOHN and JANE DOES, certain unnamed Doctors and
Nurses employed by JACKSON MEMORIAL
HOSPITAL, individually and in their official
capacities as Doctors and Nurses employed by
JACKSON MEMORIAL HOSPITAL,



    Defendants.

_____/

## COMPLAINT

    The Plaintiffs JANNERAL DENSON and JORDAN L. TAYLOR, through

their undersigned counsel, sue Defendants, jointly and severally,

and allege:

### JURISDICTION

    1.  This is an action for damages arising out of one or

more violations of State and Federal law detailed below.

2.   This action is brought pursuant to the Federal Tort Claims Act, 42 U.S.C. §1983, §1985, §1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.   Jurisdiction is founded on 28 U.S.C. §1331, §1343, §1346(b), 42 U.S.C. §1988 and the Constitutional provisions mentioned above.

3.   The acts and practices constituting the violations alleged below have occurred within the jurisdiction of the United States District Court in and for the Southern District of Florida.   Venue is properly within this District under 28 U.S.C. §1402(b), as Plaintiffs reside in Palm Beach County, Florida.   In connection with the acts, practices and violations alleged below, each Defendant has, directly or indirectly, violated the Plaintiffs' constitutional rights.

4.   On January 14, 1998, an Administrative Claim was submitted by the Plaintiffs to the United States Customs Service. More than six months have passed and the agency has not resolved the claim.

5.   Each Plaintiff seeks an award for damages for permanent physical, mental and emotional injuries, loss of enjoyment of life, punitive damages, court costs and attorney fees.

## PARTIES

6.   The Plaintiffs JANNERAL DENSON and JORDAN L. TAYLOR, a minor, are United States citizens residing in Palm Beach County,

State of Florida, at all times material hereto.

    7.  The UNITED STATES OF AMERICA is the appropriate Defendant under the Federal Tort Claims Act.  At all times material to this Complaint, agents of United States Customs Services, responsible for the acts and omissions alleged herein, were acting within the scope of their employment.

    8.  The Defendants JOHN and JANE DOES, at all times duly mentioned herein, were duly appointed and acting United States Customs Agents, employed by and serving under Defendant UNITED STATES OF AMERICA, and are sued in their individual capacities.

    9.  The Defendant PUBLIC HEALTH TRUST OF DADE COUNTY, FLORIDA d/b/a JACKSON MEMORIAL HOSPITAL (hereinafter referred to as JACKSON MEMORIAL HOSPITAL) is a hospital licensed to operate and control health care facilities and employ health care practitioners, including nurses, in the State of Florida, and held itself out to the public as capable of undertaking medical care and treatment.

    10.  IRA CLARK is the President/Director of JACKSON MEMORIAL HOSPITAL.  He is responsible as President/Director for enforcing the regulations of Defendant JACKSON MEMORIAL HOSPITAL, and for ensuring that his employees, servants and agents obey the laws of the State of Florida and the United States.

    11.  The Defendants Drs. JOHN and JANE DOES, at all times mentioned herein, were duly appointed Doctors and Nurses, employed by and serving under Defendant IRA CLARK, as President/Director of JACKSON MEMORIAL HOSPITAL.

12. At all times material hereto, and in all their acts described herein, Defendants were acting under color of state and federal law and color of their authority as public officials and public employees.

## **ALLEGATIONS OF FACT**

13. On or about May 10, 1990, a contract was entered into between Defendant PUBLIC HEATH TRUST OF DADE COUNTY, FLORIDA d/b/a JACKSON MEMORIAL HOSPITAL (hereinafter referred to as JACKSON MEMORIAL HOSPITAL) and United States Customs Services, on behalf of the Defendant UNITED STATES OF AMERICA, for the purpose of providing medical care to persons suspected of smuggling contraband inside their body cavities, and, thereby, said Defendant was acting as, an agent of the United States of America. (Exhibit A).

14. Said contract was renewed for the time period from October 1, 1995 through September 30, 1998. The Defendant JACKSON MEMORIAL HOSPITAL guaranteed the performance of medical services by members of the staff of JACKSON MEMORIAL HOSPITAL at a rate not to exceed $2,500.00 per individual. (Id.).

15. On or about February 14, 1997, the Plaintiff JANNERAL DENSON, an African American, was a passenger on Air Jamaica Airlines flight #087, coming from Jamaica to Fort Lauderdale.

16. At approximately 2:10 p.m., the Plaintiff left the airplane and walked to the United States Customs area. At the

4

Customs area, she was stopped by the Defendant JANE DOE, a United States Customs Agent.

17. Said Defendant is believed to have the identification number of #12320.

18. At that time the Defendant JANE DOE inquired as to the purpose of the Plaintiff's visit to Jamaica.

19. The Plaintiff informed said Defendant that she had gone to Jamaica to visit with her husband and to try to resolve various immigration matters concerning his move to the United States.

20. In support of this statement, the Plaintiff showed the immigration documents to Defendant JANE DOE.

21. At that time, the Defendant JANE DOE stated that she wished to search the Plaintiff's luggage.

22. The Plaintiff gave consent for the search.

23. No contraband was found in the Plaintiff's luggage.

24. After her luggage was searched, the Plaintiff attempted to leave the United States Customs area.

25. At that time, she was informed by Defendant JANE DOE that she was not free to leave and the she was being taken to Jackson Memorial Hospital by Agents of United States Customs Services.

26. At that time, the Plaintiff JANNERAL DENSON requested that she be allowed to contact her mother and an attorney.

27. Said request was denied by Defendant JANE DOE.

28. The Plaintiff was transported against her will, and in

handcuffs to JACKSON MEMORIAL HOSPITAL.

29.   Despite having no criminal history, and no contraband in her luggage, Defendant JANE DOE told hospital personnel of Defendant JACKSON MEMORIAL HOSPITAL to examine the Plaintiff for suspected ingestion of a controlled substance.

30.   At the time of said examination, the Plaintiff JANNERAL DENSON was approximately twenty-eight (28) weeks pregnant with Plaintiff JORDAN L. TAYLOR.

31.   At the time of the incident the Plaintiff JORDAN L. TAYLOR was a viable fetus.

32.   The Plaintiff JANNERAL DENSON refused to sign any consent for examination or treatment while at Jackson Memorial Hospital.

33.   Despite this, Defendants Drs. JANE and JOHN DOE examined the Plaintiff JANNERAL DENSON both externally and internally.

34.   At the time of said examinations, the Plaintiff JANNERAL DENSON was shackled to a bed.

35.   The Plaintiff JANNERAL DENSON remained shackled to a bed throughout her stay at Jackson Memorial Hospital.

36.   At no time during her stay at Jackson Memorial Hospital was the Plaintiff allowed to contact her family or an attorney.

37.   Defendant Dr. JANE DOE examined the Plaintiff internally and confirmed to Defendant JOHN and JANE DOE, agents of United States Customs Services, of the obvious pregnant state of the Plaintiff JANNERAL DENSON.

6

38.   Additionally, Defendant Dr. JANE DOE informed said Defendants that said pregnancy was a high risk pregnancy due to a marginal placenta previa.

39.   Defendant Dr. JANE DOE further informed said Defendants that the examination showed no presence of any contraband drugs, only the presence of a twenty-eight week old fetus, Plaintiff JORDAN L. TAYLOR.

40.   Despite this knowledge, the Plaintiff remained shackled to a bed and was taken by Defendant Drs. JANE and JOHN DOE to another floor of Jackson Memorial Hospital for further examination and treatment.

41.   Defendants JACKSON MEMORIAL HOSPITAL and Drs. JANE and JOHN DOE had a sworn duty to appropriately treat the Plaintiffs JANNERAL DENSON and JORDAN L. TAYLOR.

42.   At the time that the Plaintiff was taken to another floor of the Hospital, the Plaintiff was informed by Defendants JOHN and JANE DOE, agents with United States Customs Services, that she would not be allowed to leave until she took doses of 240 mg. of the prescription laxative "Go-Lytely" and other medication provided by Defendant Drs. JOHN and JANE DOE, and produced three clear stool samples.

43.   In fact, Defendant Drs. JOHN and JANE DOE were fully aware that the treatment they had prescribed for Plaintiff JANNERAL DENSON was contra to appropriate medical treatment of women who were pregnant.

44.   The prescribed treatment was done despite the knowledge

7

that **no** evidence existed that the Plaintiff JANNERAL DENSON had ingested any contraband drugs and that such treatment could endanger the lives of Plaintiffs JANNERAL DENSON and JORDAN L. TAYLOR.

45.   Defendant Drs. JOHN and JANE DOE and JACKSON MEMORIAL HOSPITAL actively participated in the detention and illegal search and seizure of the Plaintiff JANNERAL DENSON and continued to improperly treat the Plaintiff when no just cause existed for said treatment.

46.   The Plaintiff JANNERAL DENSON refused to take the medication, informing the Defendants JOHN and JANE DOE, agents of United States Customs Services, that she was afraid that said treatment would harm her child, Plaintiff JORDAN L. TAYLOR.

47.   The Plaintiff was informed that she would not be allowed to leave until she took the medication and treatment and provided three clear stool samples.

48.   The next day, still shackled, the Plaintiff JANNERAL DENSON, out of fear and failing in her attempt to produce the necessary stool samples without medication and treatment, and not being allowed to contact her family or an attorney, took medication provided by Defendants Drs. JOHN and JANE DOE.

49.   On February 16, 1997, after having taken the prescribed medication and producing three clear stool samples, the Plaintiff JANNERAL DENSON was released to her parents.

50.   No contraband drugs had been found in the Plaintiff JANNERAL DENSON's luggage, on her person or in her person.

51.   No criminal charges were ever instituted against the Plaintiff JANNERAL DENSON.

52.   Twelve days later, on February 28, 1997, the Plaintiff prematurely gave birth to Plaintiff JORDAN L. TAYLOR by an emergency caesarian operation.

53.   The Plaintiff JORDAN L. TAYLOR remained in intensive care at Bethesda Hospital in West Palm Beach until approximately March 30, 1997.

54.   To date, the Plaintiff JORDAN L. TAYLOR continues to suffer from  various defects as a direct result of the premature birth.

55.   The warrantless detention, searches, handcuffing, shackling, and forced medication and improper treatment of the Plaintiffs were undertaken without legal basis, and these actions were in violation of the laws of the State of Florida, and the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

56.   The actions of the Defendants JOHN and JANE DOES, United States Customs Agents, were taken because of the race and ethnicity of the Plaintiffs in violation of the laws of the State of Florida and the Fourth and Fifth Amendments to the United States Constitution.

57.   The wrongful actions of the Defendants JOHN and JANE DOES, United States Customs Agents, constitute false arrest, assault, battery, false imprisonment, unlawful search and seizure and unlawful invasion of privacy, under the laws of the State of

Florida.

58.    The wrongful actions of the Defendants Drs. JOHN and JANE DOES, IRA CLARK and JACKSON MEMORIAL HOSPITAL constitute false arrest, assault, battery, false imprisonment, unlawful search and seizure, unlawful invasion of privacy, under the laws of the State of Florida.

59.    The wrongful actions of the Defendants Drs. JOHN and JANE DOES, IRA CLARK and JACKSON MEMORIAL HOSPITAL in providing improper medical care to Plaintiff JANNERAL DENSON and, thereby causing injury to the Plaintiffs, was deliberately indifferent to the serious medical needs of the Plaintiffs, and in violation of the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

60.    Defendant IRA CLARK had a duty to supervise, control or otherwise ensure that Defendant Drs. JOHN and JANE DOES provided appropriate medical care to all persons entering Jackson Memorial Hospital.

61.    Defendant IRA CLARK abdicated his policymaking and oversight responsibilities, thereby allowing the incident involving the Plaintiffs to occur.

62.    As a direct and proximate result of the acts of the Defendants, the Plaintiff JANNERAL DENSON has suffered the following injuries and damages:

        a.    Violation of her constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and

10

seizure of her person;

      b.   Loss of her physical liberty;

      c.   Permanent physical and emotional injuries, humiliation and embarrassment, and damage to her reputation, all of which continue to this day and are likely to continue into the future, and which require the expenditure of money for treatment.

63.   As a direct and proximate result of the acts of the Defendants, the Plaintiff JORDAN L. TAYLOR, a viable fetus at the time of the incident, has suffered the following injuries and damages:

      a.   Violation of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

      b.   Loss of his physical liberty;

      c.   Permanent physical and emotional injuries, humiliation and embarrassment and damage to his reputation, all of which continue to this day and are likely to continue into the future, and which require the expenditure of money for treatment.

I.      **42 U.S.C. §1983 AND §1985 CLAIMS- DEFENDANT DRS. JOHN AND JANE DOES**

64.   The Plaintiffs reallege paragraphs 1 through 63.

65.   While Defendant Drs. JOHN and JANE DOES were acting under color of state and federal law as employees of Defendants

JACKSON MEMORIAL HOSPITAL and IRA CLARK, they subjected
Plaintiffs JANNERAL DENSON and JORDAN L. TAYLOR to the
deprivation of rights and privileges secured to them under the
Fourth, Fifth, Eighth and Fourteenth Amendments to the United
States Constitution.

66.   The injuries sustained by the Plaintiffs were
reasonably foreseeable consequences of the Defendant Drs. JOHN
and JANE DOES' deliberate indifference to their obligation to
provide appropriate medical care to the Plaintiffs.

67.   Said Defendants improperly treated and medicated the
Plaintiff JANNERAL DENSON, despite notice and knowledge that said
Plaintiff was twenty-eight weeks pregnant with the Plaintiff
JORDAN L. TAYLOR.

68.   That said Defendants improper treatment and medication
of the Plaintiffs was without just cause and endangered the
continued life of the Plaintiffs.

69.   As a direct and proximate result of the violation of
the Plaintiffs JANNERAL DENSON and JORDAN L. TAYLOR's
constitutional rights and violation of 42 U.S.C. §1983 and §1985
by Defendant Drs. JOHN and JANE DOES, said Plaintiffs have
suffered severe physical, mental and emotional injuries, and loss
of enjoyment of life as heretofore alleged.

**WHEREFORE**, the Plaintiffs JANNERAL DENSON and JORDAN L.
TAYLOR demand compensatory and punitive damages against Defendant
Drs. JOHN and JANE DOES, attorneys fees and costs and trial by

jury for all issues so triable by right.

## II.   42 U.S.C. §1983 AND §1985 CLAIMS- DEFENDANT JACKSON MEMORIAL HOSPITAL  AND IRA CLARK

70.   The Plaintiffs reallege paragraphs 1 through 69.

71.   At all times material hereto, Defendants JACKSON MEMORIAL HOSPITAL and IRA CLARK were responsible for adopting and implementing the rules and regulations in regard to hiring, screening, training, supervising, controlling, disciplining and assigning nurses and doctors to their duties prescribed by the contract they entered into with United States Customs Services on behalf of the Defendant UNITED STATES OF AMERICA for the purpose of providing medical care to persons suspected of smuggling contraband inside their body cavities.

72.   The Defendants JACKSON MEMORIAL HOSPITAL and IRA CLARK acted with deliberate indifference of both constitutional prohibitions and guarantees under color of state and federal law, thereby misusing the power possessed by virtue of state and federal law and made possible only because said Defendants were clothed with the authority of state and federal law.

73.   The Plaintiffs have been a victims of the above mentioned illegal and improper treatment of United States Customs detainees and said illegal treatment was the direct result of the previously described acts, omissions, policies or customs of said Defendants.

13

74.   The deliberate indifference of these Defendants violated the constitutional rights of all persons, including the Plaintiffs, for which 42 U.S.C. §1983 and §1985 provide a remedy.

75.   The Plaintiffs injuries were caused by the previously described conduct of Defendants JACKSON MEMORIAL HOSPITAL and IRA CLARK.

76.   As a direct and proximate cause of the acts described above, in violation of 42 U.S.C. § 1983 and §1985, the Plaintiffs have suffered severe physical, mental and emotional injuries, loss of earning capacity and loss of enjoyment of life, as heretofore alleged.

**WHEREFORE**, the Plaintiffs JANNERAL DENSON and JORDAN L. TAYLOR demand compensatory damages against Defendants JACKSON MEMORIAL HOSPITAL and IRA CLARK, and punitive damages against Defendant IRA CLARK, attorneys fees, costs and trial by jury for all issues so triable by right.

III.      **CONSTITUTIONAL VIOLATIONS CLAIM - DEFENDANTS JOHN AND JANE DOES**

77.   The Plaintiffs reallege paragraphs 1 through 63.

78.   While Defendants JOHN and JANE DOES were acting under color of state and federal law as agents for United States Customs Services, they subjected Plaintiffs to the deprivation of rights and privileges secured to them under the Fourth and Fifth Amendments to the United States Constitution.

14

79.  The actions and conduct of Defendants JOHN and JANE
DOES violated the right of the Plaintiffs to be free from
unreasonable detention, search and seizure under the Fourth
Amendment, and to due process of law under the Fifth Amendment to
the United States Constitution.

80.  As a direct and proximate result of the violation of
the Plaintiffs constitutional rights, said Plaintiffs have
suffered severe physical, mental and emotional injuries, and loss
of enjoyment of life as heretofore alleged.

**WHEREFORE**, the Plaintiffs JANNERAL DENSON and JORDAN L.
TAYLOR demand compensatory and punitive damages against
Defendants JOHN and JANE DOES, attorney fees, costs and trial by
jury for all issues so triable by right.

IV.          **CLAIM UNDER THE FEDERAL TORTS CLAIMS ACT**

81.  The Plaintiffs reallege paragraphs 1 through 63, and 78
through 80.

82.  The warrantless detention, searches, handcuffing,
shackling, and forced medication and improper treatment of the
Plaintiffs by Defendants JOHN and JANE DOES were undertaken
without legal basis and these actions were in violation of the
laws of the State of Florida, and in violation of the Fourth,
Fifth, Eighth and Fourteenth Amendments of the United States

15

Constitution.

83.   Under the Federal Tort Claims Act, the Defendant UNITED STATES OF AMERICA is liable for the above described actions of Defendants JOHN and JANE DOES, agents for United States Customs Services, as they were acting within the scope of their employment.

84.   The Plaintiffs were victims of the abovementioned illegal treatment.

85.   As a direct and proximate cause of the acts described above, in violation of the United States Constitution, the Plaintiffs have suffered severe physical, mental and emotional injuries, and loss of enjoyment of life as heretofore alleged.

**WHEREFORE**, the Plaintiffs demand compensatory damages against Defendant UNITED STATES OF AMERICA, costs and such other and further relief as may be provided by law.

HEYER & ASSOCIATES, P.A.
Attorneys for Plaintiff
1311 S.E. 4th Avenue
Fort Lauderdale, FL 33316
(954) 522-4922/(561) 833-1068
FAX NO: (954) 522-4955

BY: _____
        BARBARA A. HEYER
        BAR NO. 346691

16

Agenda Item 10(b)(11)
Finance Committee
May 10, 1990

RESOLUTION NO. PHT 05/90-*145*

RESOLUTION APPROVING AMENDMENT
TO AGREEMENT WITH UNITED STATES
DEPARTMENT OF THE TREASURY,
CUSTOMS SERVICES.

WHEREAS, the Trust approved an agreement with the U. S. Department of the Treasury, Customs Services, for examination and treatment of patients suspected of smuggling contraband inside body cavities; and

WHEREAS, said Department has offered an amendment to said agreement increasing funding from $65,000 to $130,000; and

WHEREAS, the President and the Finance Committee recommend approval:

NOW, THEREFORE, BE IT RESOLVED BY THE BOARD OF TRUSTEES OF THE PUBLIC HEALTH TRUST OF DADE COUNTY, FLORIDA, That this Board hereby approves the amendment to the agreement with the U. S. Department of the Treasury, Customs Services, a copy of which is attached hereto and incorporated herein by reference, and authorizes and directs the President to execute same for and on behalf of the Public Health Trust.



Agenda Item 10(h)(II)
Finance Committee
May 10, 1990

Page 2

The foregoing resolution was offered by    Mr. High    , who

moved its adoption.  The motion was seconded by Mr. Cancela    and,

upon being put to a vote, the vote was as follows:

| | |
|---|---|
| Bernyce Adler | Absent |
| A. Boyd Benjamin | Aye |
| Jesse Elias | Aye |
| Jose C. Cancela | Aye |
| Irene Canel-Petersen | Absent |
| Haydee A. Ceballos | Aye |
| Tanya Lawson | Aye |
| Thelma V. A. Gibson | Aye |
| Arthur H. Hertz | Absent |
| Joshua High | Aye |
| David L. Paul | Aye |
| Stanley G. Tate | Aye |
| Elayne Weisburd | Aye |
| Jay B. Weiss | Absent |
| Richard J. Weiss | Aye |

The foregoing resolution was thereupon declared duly and regularly adopted

this 10th day of May 1990.


PUBLIC HEALTH TRUST OF DADE COUNTY, FLORIDA


By:  _____
        Irene Canel-Petersen, Secretary


Approved by the County
Attorney as to form
and legal sufficiency.

**DEPARTMENT OF THE TREASURY**
**UNITED STATES CUSTOMS SERVICE**

**BLANKET PURCHASE ARRANGEMENT**

5220. P&PM

The JACKSON MEMORIAL HOSPITAL company agrees to furnish the following supplies and/or services MEDICAL SERVICES as requested by the contracting officer or his authorized representative during the period From: 10-01-95 Through: 09-30-96 unless extended by mutual agreement of the parties hereto.

The Government is obligated only to the extent of authorized calls actually placed against the blanket purchase arrangement.

The vendor warrants that the prices quoted at the time(s) the order(s) is placed are as low as or lower than the prices quoted to, or paid by, any purchaser for like quantities of the items required to be delivered hereunder like circumstances and shall be the price(s) shown on billing.

No individual call under this arrangement shall exceed ~~$1000.~~ $2500.00

The following listed individual(s) SEE BELOW shall be the only individual(s) authorized to place calls under this BPA, in the name of USCS . No others shall be accepted.

NAME: S. REARICK TITLE: _____

NAME: C. MEADERS TITLE: _____

NAME: _____ TITLE: _____

Since all orders under this arrangement are placed by telephone and at that time information as to availability of stock for delivery and price information is established, there shall be no partial deliveries. Partial deliveries are NOT desired; SHIP COMPLETE ONLY.

Delivery/Service Tickets - all shipments under the arrangement shall contain the following information:

(a) Name of supplier
(b) Blanket purchase arrangement number
(c) Date of call
(d) Call Number
(e) Itemized list of supplies/services furnished; and
(f) Quantity

Only one (1) copy of delivery/services ticket is required.

Your invoice itemizing the supplies or services furnished including unit price, extensions and total amount due, BPA order number and call numbers shall be submitted monthly covering all deliveries made during the billing period for which payment has not been received. Discounts for prompt payment will be in accordance with paragraph (3) of the attached terms and conditions, (SF 147).

Person(s) and/or department to be contacted when placing orders under this arrangement:

| NAME | TELEPHONE NO. and EXTENSION |
|------|------------------------------|
| Discount for prompt payment: N/A | |

The issuance of individual requests against this blanket purchase arrangement will be made under the authority of Title 41, USC 252(c)(3).

Terms and conditions attached hereto are made a part hereof (include applicable clauses).

| ACCEPTED *Jan C. Cloel* | BPA Number CS-I-96-23457-0 |
|---|---|
| Company Name *JACKSON Memorial Hospital* | Contracting Officer DAVID J. HANSEN |
| Signature & Title          Date | Signature *David J Hansen*     Date 10/27/95 |

Please acknowledge and return Copies 2 and 3 to the USCS contracting officer.

U.S. CUSTOMS SERVICE
ROOM 409
77 SE 5TH ST.
MIAMI, FL 33131

Customs Form 296 (052482)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

JANNERAL DENSON and JORDAN L. TAYLOR
a minor, through his legal guardian,
JANNERAL DENSON

## DEFENDANTS

UNITED STATES OF AMERICA, JOHN and JANE DOES,
certain unnamed United States Customs Officers,
individually and in their official capacities
as United States Customs Agents, et al.

SEE ATTACHED

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Palm Beach_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

*ABroy498-7256-06-KmmFEB*   98 — 7256

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Barbara A. Heyer, Esq.
Heyer & Associates, P.A.
1311 S.E. 4th Avenue, Ft. Lauderdale, FL 33316

ATTORNEYS (IF KNOWN)   CIV-MOORE

MAGISTRATE
BANDSTRA

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC Section 1983

IVa. _5_ days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| A CONTRACT | TORTS | | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | B ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | B SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | A LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | B ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | B PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| B ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | A FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| B ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☒ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☒ 540 Mandamus & Other | | | * ☐ 890 Other Statutory Actions   *A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | *A or B | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

Appeal to District
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Refiled
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
None Specified

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 11/10/98   SIGNATURE OF ATTORNEY OF RECORD _Barbara A. Heyer_

UNITED STATES DISTRICT COURT
S/F I-2
REV. 6/90*

FOR OFFICE USE ONLY: Receipt No. 154914   Amount: $150.00

Date Paid: 11/10/98   M/ifp:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:


JANNERAL DENSON and JORDAN L. TAYLOR,
a minor, through his legal guardian,
JANNERAL DENSON,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
JOHN and JANE DOES, certain
unnamed United States Customs Officers,
individually and in their official capacities
as United States Customs Agents,
PUBLIC HEALTH TRUST OF DADE COUNTY, FLORIDA
d/b/a JACKSON MEMORIAL HOSPITAL, IRA CLARK,
individually and as President/
Director of JACKSON MEMORIAL HOSPITAL,
JOHN and JANE DOES, certain unnamed Doctors and
Nurses employed by JACKSON MEMORIAL
HOSPITAL, individually and in their official
capacities as Doctors and Nurses employed by
JACKSON MEMORIAL HOSPITAL,

    Defendants.

_____/