

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 98-7256-CIV-MOORE

JANNERAL DENSON and JORDAN L.
TAYLOR, a minor, through his
legal guardian, JANNERAL DENSON,

    Plaintiffs,

v.

UNITED STATES OF AMERICA, etc.,
et al.,

    Defendants.
_____/

### AMENDED NOTICE OF APPEAL

**NOTICE** is hereby given that, pursuant to F.R.A.P. 4(a)(2), the Plaintiffs in the above named case, hereby amend their appeal to the United States Court of Appeals for the Eleventh Circuit, as follows: the Final Judgment as to Defendants United States of America, Cheryl Friedland and Lee Lavenka, entered by the District Court on October 6, 2005 (attached hereto as Exhibit A), and the Order of the District Court denying Plaintiffs' Motion for Reconsideration of the District Court's November 5, 2004 order as to Defendants Bennett, Simmons, Hollant and Prospere, entered on August 24, 2005 (attached hereto as Exhibit B).

**WE HEREBY CERTIFY** that a copy of the foregoing Amended

Notice of Appeal, minus attachments, has been furnished by U.S. mail to: Lawrence Rosen, Esq., Assistant U.S. Attorney, 99 NE 4 Street, 3rd Floor, Miami, FL 33132-2111 and James J. Allen, Esq., Office of the County Attorney, 111 NW 1 Street, Suite 2810, Miami, FL 33128-1993 this 11th day of October, 2005.

                                      HEYER & ASSOCIATES, P.A.
                                      Attorneys for Plaintiffs
                                      1311 SE 4th Avenue
                                      Fort Lauderdale, FL 33316
                                      (954) 522-4922 / (561) 833-1068
                                      FAX NO.: (954) 522-4955

                               BY: _____
                                   BARBARA A. HEYER
                                   BAR NO.: 346691

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 98-7256-CIV-MOORE

JANNERAL DENSON and JORDAN L.
TAYLOR, a minor, through his
Legal guardian, JANNERAL DENSON,

    Plaintiffs,

vs.

UNITED STATES OF AMERICA,
et al.,

    Defendants.
_____/

**FINAL JUDGMENT**



THIS CAUSE came before the Court upon Defendant, United States of America's, Motion for Entry of Judgment (DE #396) and Defendants, Cheryl Friedland and Lee Levenka's Motion for Entry of Judgment (DE # 401). This action was tried before the Court from April 18, 2005, to April 21, 2005. On August 8, 2005 the Court entered Findings of Fact and Conclusions of Law in favor of Defendant United States of America (DE # 394). On August 22, 2005 the Court entered an Order dismissing the Complaint against the individual Defendants Cheryl Friedland and Lee Levenka as barred by 28 U.S.C. § 2676. Accordingly, it is

ORDERED AND ADJUDGED that Defendant, United States of America's, Motion for Entry of Judgment (DE #396) and Defendants, Cheryl Friedland and Lee Levenka's Motion for Entry of Judgment (DE # 401) are GRANTED. It is further

ORDERED AND ADJUDGED that Final Judgment is hereby entered in favor of Defendant United States of America and Defendants Cheryl Friedland and Lee Levenka. The Plaintiffs shall take nothing and this action is dismissed on the merits.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of October, 2005.

    K. MICHAEL MOORE
    UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record



PLAINTIFF'S EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 98-7256-CIV-MOORE

JANNERAL DENSON and JORDAN L.
TAYLOR, a minor, through his
Legal guardian, JANNERAL DENSON,

    Plaintiffs,

vs.  **ORDER**

UNITED STATES OF AMERICA,
et al.,

    Defendants.
_____/

FILED by ___ D.C.
AUG 2 4 2005

THIS CAUSE came before the Court upon Plaintiffs' Motion for Reconsideration of the District Court's November 5, 2004 Order as to Defendants Bennett, Simmons, Hollant and Prospere (DE #380).

UPON CONSIDERATION of the motions, and being otherwise fully advised in the premises, the Court enters the following Order.

On November 5, 2004 this Court granted summary judgment to Defendants Bennett, Simmons, Hollant and Prospere (DE# 297). On December 2, 2004 Plaintiffs filed their Notice of Appeal of this Order (DE# 305). On January 18, 2005 Plaintiffs filed a Motion for Entry of Partial Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (DE# 310). On February 16, 2005 this Court entered Partial Final Judgment in favor of the Hospital Defendants (DE# 316). On March 17, 2005 the Eleventh Circuit dismissed Plaintiffs' appeal for lack of jurisdiction because this Court's November 4, 2004 Order was not final or appealable as it did not resolve all claims of all parties and was not certified for immediate appeal (DE#320). On April 18, 2005 Plaintiffs' trial against the remaining Defendants commenced. The Court entered judgment for the United States



PLAINTIFF'S
EXHIBIT
B

of America on Plaintiffs' Federal Torts Claims Act claim and found that the Plaintiffs' subsequent Bivens action against the individual Defendants was barred. On June 30, 2005 Plaintiffs filed a Motion for Reconsideration of this Court's November 5, 2004 Order granting summary judgment to Defendants Bennett, Simmons, Hollant and Prospere (DE #380).

In their Motion for Reconsideration, filed almost eight (8) months after this Court's November 5, 2004 Order granting summary judgment, Plaintiffs argue that this Court should grant Plaintiff relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) to remedy a mistake in the application of the law. For the following reasons this Court declines to do so.

First, this Court notes that Rule 60(b) applies only to final judgments. Mullins v. Nickel Plate Mining, Co., 691 F.2d 971, 974 (11th Cir. 1982). The Eleventh Circuit has determined that this Court's November 5, 2004 Order granting summary judgment to Defendants Bennett, Simmons, Hollant and Prospere was not final as it did not resolve all claims of all parties, nor was it certified pursuant to Fed. R. Civ. P. 54(b).

Second, even if Fed. R. Civ. P. 60(b) applied, this Court finds Plaintiffs' arguments unpersuasive. On a motion for reconsideration, a party must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993). A motion for reconsideration should raise new issues, not merely address issues litigated previously. Socialist Workers Party v. Leahy, 957 F. Supp 1262, 1264 (S.D. Fla. 1997) (internal citations omitted).

Specifically, relief from a final judgment under Rule 60(b)(6), "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984); see also Tucker v. Commonwealth Land

2

Title Ins. Co., 800 F.2d 1054, 1056 (11th Cir.1986). The party seeking relief has the burden of showing that absent such relief, an "extreme" and "unexpected" hardship will result. Griffin v Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (quoting United States v. Swift & Co., 286 U.S. 106, 119 (1932)).

Plaintiffs' motion for reconsideration raises no new issues for the Court's consideration and merely revisits previously made arguments. Socialist Workers Party v. Leahy, 957 F. Supp 1262, 1264 (S.D. Fla. 1997) (quoting Scheck v. Burger King Corp., 798 F. Supp. 692, 693 n.2 (S.D. Fla. 1992) (reconsideration motion serves to "correct manifest errors of law or fact or to present newly discovered evidence" but "should not be used to reiterate arguments previously made or as a vehicle to present authorities available at the time of the first decision")). Moreover, Plaintiffs' argument is based primarily on the contention that this Court made a mistake of law. These alleged mistakes of law are more properly raised on appeal. Fackelman v. Bell, 564 F.2d 734, 736-737 (5th Cir. 1977). While a trial judge, in his discretion, may reopen a judgment on the basis of an error of law, the orderly process of appeal usually is far more appropriate to deal with such errors. Id. Moreover, Plaintiffs have failed to demonstrate that absent such relief, an "extreme" and "unexpected" hardship will result. Accordingly, it is

ORDERED AND ADJUDGED that Plaintiffs' Motion for Reconsideration of the District Court's November 5, 2004 Order as to Defendants Bennett, Simmons, Hollant and Prospere (DE #380) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of August, 2005.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

3

cc: All Counsel of Record

4